ROANE, Judge.
Two objections are taken in this case. 1. That the award did not lie long enough in court, according to the act of 1792, but was immediately confirmed by the judgment of the court. 2. That the arbitrators, as appears by the report, allowed damages, for 'matters, not within the terms of the submission.
*Upon the first objection, it was observed by the appellees counsel, that it was decided in Mitchell v. Kelly, that the act of 1792 does not apply to orders of reference, of this kind, made during the progress of a suit, depending in court; nor, upon examination of the act, do I think it does.
As to the second objection, I observe, that one of the conditions of the bond is, to indemnify the high sheriff, from all motions, judgments &c. Now this condition, as to the indemnitjq will certainly extend to all just expenses sustained, by the appellee, in consequence of any such motion judgment &c. as well as to all actual losses, occasioned by the detention of his negroes &c. These expenses and losses, which are actual, are capable of being ascertained, by computation : And, certainly, the party cannot be said to be indemnified, that is, kept harmless, without they are allowed him.
At the same time I agree, entirely, with the appellants counsel, that the arbitrators ought not to have taken into consideration, mere speculative damages, such as for trouble, anxiety &c. and that this would lead us into an imaginary and inexhaustible field.
The question then is, upon this distinction, how stands the report of the arbitrators?
The item in the account presents nothing to impeach the award. Interest on the money advanced was certainly proper; and damages sustained may justlj be restricted, for any thing appearing to the contrary in the item, to such damages as might legally be awarded. We are not to hunt out such a sense, as that damages ma3' be understood to destroy the award; which ought to be favourably construed.
I take this, to be merely a statement of the evidence, which appeared to the arbitra *367 tors; and it does not irresistibly follow, that the damages were given on such part of the evidence as would not *warrant it; that is to say, an indemnification for the personal trouble &c. ■of the appellee. It is a just maxim, that what is useful shall not be vitiated by that which is not so: But it is not expressly stated, that the damages were given for personal trouble &c. and, if given for expenses and losses, as before mentioned, it is right.
My opinion is, that, before we overturn an award (in a case where justice seems fully attained,) it ought certainly to appear, that the award wras founded on illegal grounds. But this does not clearly appear to have been the case, in the cause now before the court; and therefore I am for supporting the award, as what is relied upon, to impeach it, is merely a statement of the evidence, which appeared to the arbitrators. Upon these grounds I am of opinion, that ,the judgment ought to be affirmed.
CARRINGTON, Judge.
This was an action, founding in damages, for breach of a covenant. The arbitrators were judges of the parties own chusing, to settle all matters in dispute between them; and it is a rule, that awards should always be construed liberally. I think the items, including the damages, stated, by them, were clearly within the submission. The award therefore, (which, although not formal, is founded in strict justice,) ought to be supported. I am for affirming the judgment.